IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIE SEDILLO,

        Plaintiff,

vs.                                 **CIVIL NO. 04-378 JB/DJS**

HARRY TIPTON, Director of Correctional Medial
Services,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.  This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiff alleges that he was subjected to cruel and unusual punishment and denied medical care while being held in the Bernalillo County Metropolitan Detention Center. Specifically, Plaintiff states that he was denied medication for preexisting medical conditions after he was booked into the Metropolitan Detention Center on charges of a parole violation. Plaintiff asserts that he was denied medication to control his migraine headaches despite informing jail and medical staff off those headaches and of his prescription for the medication. As a result, Plaintiff suffered pain and vertigo, as well as blackouts. Plaintiff asserts that he filed grievances

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

regarding his lack of medical care, but that no response has been made to them.

2. Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) in which he asserts that Plaintiff failed to allege any affirmative link between his supervisory role as Director of Correctional Medical Services, which provides medical care at the Metropolitan Detention Center, and the alleged indifference to Plaintiff's medical needs. In response, Plaintiff asserts that Correctional Medical Services should itself have been served with the complaint, as he named that entity as a defendant in his complaint. In addition, Plaintiff contends that Defendant Tipton's failure to adequately supervise is shown by the lack of response to Plaintiff's grievances and other inquiries into Plaintiff's medical care. In addition, Plaintiff lists the dates and circumstances of a number of visits to nurses and other Correctional Medical Services personnel and his unsuccessful attempts to obtain his medication from them.

3. The standard courts use to determine whether a prisoner's Eighth Amendment rights have been violated is "deliberate indifference". See Wilson v. Seiter, 501 U.S. 294, 297 (1994). This standard applies in non-emergency situations involving prisoners or when the state's responsibility to the prisoner does not clash with other equally important governmental responsibilities. See Whitley v. Albers, 475 U.S. 312, 320 (1986). One of the core concerns of the Eighth Amendment is inmate access to necessary medical care.  See Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980), cert. den., 450 U.S. 1041 (1981).  In a §1983 action for damages, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment."  Id. at 574-575. A deliberate indifference to serious medical needs may be "manifested...[by] denying or delaying access to medical care....". Estelle v. Gamble, 429 U.S. 97, 104 (1976).

4. There are two parts to the Estelle standard. First, the prisoner must produce objective evidence that the medical need in question was in fact "serious." Second, the prisoner must produce subjective evidence of the prison official's culpable state of mind--that he was deliberately indifferent to the prisoner's medical needs. Id. at 106. "Deliberate indifference" in the Eighth Amendment context requires that the prison official "know[s] of and disregard[s] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In addition, "personal participation is an essential allegation" that must be proven before a plaintiff can recover on a § 1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996). Simply demonstrating that the defendant occupied a supervisory position is not sufficient to establish individual liability. Id. Rather, a §1983 plaintiff must "show that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir.1997) (internal quotation marks omitted). Where deliberate indifference is alleged on the basis of a supervisor's failure to train subordinates, the plaintiff must show "a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir.1988).

5. Plaintiff fails to meet this requirement in this case. He alleges, in a conclusory fashion, that Defendant Tipton is the Director of Correctional Medical Services for the Metropolitan Detention Center and, as such, is necessarily responsible for supervising medical workers. Plaintiff further argues that, but for Defendant Tipton's failure to supervise, he would not have been denied care and medication for his migraine headaches. However, "a supervisor is not liable under §1983 for the

actions of a subordinate unless an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise."  Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir.1996) (quotation and citation omitted). Plaintiff's general allegation that, as director, Defendant Tipton failed to supervise does not constitute an affirmative link sufficient to establish liability. Plaintiff has not alleged or shown either actual knowledge of his deprivations by Defendant Tipton or Defendant Tipton's personal involvement in Plaintiff's care. Consequently, his claims against Defendant Tipton must be dismissed.

6. Plaintiff contends that Correctional Medical Services should have been served with a summons and complaint and should be considered a defendant in this action. Plaintiff's claims would fail against the corporation for the same reasons that they fail against Defendant Tipton. Plaintiff has not alleged personal knowledge of or participation in decisions regarding his medical care by any officers or directors of Correctional Medical Services.

7. Because Plaintiff is *pro se* and his complaint must be construed liberally, the Court has examined his allegations regarding various caseworkers, nurses, and staff. For instance, in Plaintiff's "Supplemental Brief and Response to Defendant's Petition" filed August 23, 2004 (Docket No. 13), Plaintiff alleges that his wife contacted a caseworker named Matt on several occasions regarding Plaintiff's need for medication and that the caseworker advised him that medical had yet to do anything but that he should keep checking. Plaintiff further alleged that a nurse named Rennada or Rennudda saw him in January, 2004 and provided him with ibuprofin. When Plaintiff told her it was not effective, she told him she would check on his prescription. Plaintiff later made a second sick call and saw a doctor. Plaintiff names another nurse as "Shontell" and states that she told him she would call Walgreens to get his prescription, which did not happen. Plaintiff asserts that a third nurse told

4

him to wait until he reached prison to try to obtain his prescription. Similar instances where Plaintiff attempted to obtain care from various nurses and corrections officers are related, in some instance resulting in him obtaining medication, even if it was not that which he contends is appropriate. None of these allegations rise to the level of deliberate indifference under the Eighth Amendment standard even if the medical workers or correction officers were adequately named as defendants to this action.

**RECOMMENDED DISPOSITION**

That Defendant's Motion to be dismissed be granted and this action dismissed with prejudice.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**